## HOTCHKISS v. NATIONAL CITY BANK OF NEW YORK.

### (District Court, S. D. New York. April 5, 1912.)

1. STIPULATIONS (§ 14*)—CONSTRUCTION—DEPRECIATION OF SECURITIES.

Pending suit by a bankrupt's trustee to recover certain securities from a bank as a preference, it was stipulated that the securities might be sold by the bank at the best price obtainable at such time as might seem best to the bank's officers. The trustee, prior to the execution of the stipulation, wrote the bank that its suggestion that it use its own judgment as to when the collaterals should be liquidated was a good one, and that the trustee thought it would be well to get the benefit of the most advantageous market, but that the agreement should be covered by a stipulation approved by the bank's attorneys. Held, that such stipulation contemplated that the bank should be entitled to keep the securities until in its judgment the best prices could be obtained therefor, when it should be authorized to sell the same; and hence the trustee was not entitled to recover from the bank for any depreciation in the securities subsequent to the date of his letter.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

2. STIPULATIONS (§ 14*)—CONSTRUCTION—REMEDY.

Where, pending suit by a bankrupt's trustee to recover certain securities alleged to have been received by defendant bank as a preference, it was stipulated that the bank should retain and sell the securities in its discretion on the most advantageous market, the trustee, on the transfer being declared void, was not entitled to claim that a sale of the securities by the bank constituted a conversion of the securities.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

In Bankruptcy. Action by Henry D. Hotchkiss, as trustee in bankruptcy of Henry S. Haskins, Henry Leverich, and Fannie G. Lathrop, individually and as copartners trading under the name of Lathrop, Haskins & Co., against the National City Bank of New York, to recover certain securities alleged to have been transferred to the bank as a preference. On application for confirmation of a master's report. Confirmed, and final decree entered for plaintiff.

See, also, 200 Fed. 287.

Abram I. Elkus and Wm. S. McGuire, both of New York City, for plaintiff.

Shearman & Stirling, of New York City, for defendant.

HAND, District Judge. [1] The sole question is whether or not the trustee consented that the bank might hold or sell the securities in its good judgment for the account of whom it might concern. If

so, of course, the trustee cannot charge the bank, for its judgment he had accepted as his own. Therefore it is impossible to argue that the bank had never "acted" under the stipulation. There was to be no action unless the bank thought fit to sell, which it never did. If the holding, as well as the selling, was within the consent of the parties, the trustee may not now charge that holding as wrongful after the date of the stipulation, April 5, 1910.

The stipulation provides, first, that the securities "may be sold by the National City Bank at the best price obtainable, at such time as may seem best to the officers of the said" bank. I do not see how it could be put more plainly that the bank should have leave to keep the securities unsold until in its judgment the best prices could be obtained. It was natural for the trustee to prefer the bank's judgment to his own. If the stipulation did not mean that, then it accomplished nothing but to limit the bank's liability to the amount realized on a sale, if it determined at any time to sell. To hold under such circumstances exposed it to the risk of loss, while to sell did not. Therefore to construe the stipulation in that way would be to produce the greatest incentive to an immediate sale. The purpose of the stipulation was certainly not that, but to get the advantage of the bank's best judgment as to the time to sell. Therefore in no event can the trustee recover for any depreciation after April 5th, when the trustee consented.

The only other question is the depreciation of $5,000 between January 19, 1910, and April 5, 1910. On March 8, 1910, the trustee wrote:

"I think your suggestion to Mr. Barnaby that you be permitted to use your own good judgment as to when you shall liquidate" the collaterals "is a very good one, and I thank you for making it."

Regarding the securities here in question:

"I think it might also be well to get the benefit of the most advantageous market; but this, perhaps, ought to be covered by a stipulation approved by your attorneys."

After writing such a letter, the trustee may not charge the bank with loss for failure to sell pending the preparation of such a stipulation. Clearly he had put the matter then in train for settlement quoad the time of the sale. Between January 19, 1910, and March 8, 1910, it does not appear how much, if at all, the securities had fallen in value, and there is, then, no occasion to consider whether for loss in that period the bank's account might have been surcharged.

[2] This stipulation furthermore gives one more reason why the claim should not now be construed to sound in conversion. It shows that at that time the trustee was claiming that the transfer was void and that the title of the securities remained his; and, indeed, the whole purpose of the stipulation presupposes that he still has an interest in them, when they should be sold, and how much should be obtained for them. Such an assertion and such a solicitude were wholly inconsistent with a claim of conversion, which proceeds in recognition of the defendant's claim of dominion over the property

as finally depriving the plaintiff of his title and justifying his recovery of its full value. It is not to be supposed that the suit, when brought, was based upon a contrary and inconsistent theory to that originally conceived, at least in the absence of some evidence, even though the stipulation did not constitute a final election between the remedies open to the plaintiff, as perhaps it did not.

The master's report is confirmed, and final decree may pass for the amount as stated in the account.